UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ANGELO DAVIS,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT RUSSELL, et al.,<br><br>  Defendants. | No. 2:24-cv-1291 SCR P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's motion to proceed in forma pauperis and his complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff states one potentially cognizable claim for relief, and finds plaintiff fails to state other claims. Plaintiff will be given the option of proceeding immediately on the claim found cognizable or amending the complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §1915(b)(2).

## SCREENING

### I.  Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Section 1983, enacted as part of the Civil Rights Act of 1871, requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

## II. Discussion

### A. Plaintiff's Allegations

Plaintiff is an inmate at Folsom State Prison ("Folsom"). He complains of conduct that occurred there in late 2023. Plaintiff identifies four defendants: (1) Lieutenant Scott Russell; (2) Sergeant W. Welcher; (3) Sergeant Pagan; and (4) Correctional Officer E. Harris.

Plaintiff's complaint is lengthy and contains a good deal of unnecessary information. As best the court can tell, plaintiff is alleging the following: In August 2023, defendant Pagan, a security and investigation officer, asked to see the book plaintiff was reading. It was a book by Professor Angela Davis. Pagan asked if plaintiff was related to Angela Davis. Plaintiff did not respond. Pagan took a picture of the book before he left. (ECF No. 1 at 4-5.)

In September 2023, plaintiff's cell flooded. When he was permitted to return, he found a notice that some papers had been confiscated. He also noticed that someone had placed a picture of himself next to a picture he had of Malcolm X and that three books had been removed from a shelf – all were by black authors. (ECF No. 1 at 6, 10-12.) Later that day, plaintiff discovered that 300 songs he had written were missing from a folder in his cell. (Id. at 8.) When he asked

////

about the missing songs, an officer told him that defendants Russell and Welcher had removed the property from his cell. (Id. at 10.)

In November, 53 of the songs were returned to him. The officer who returned them told plaintiff some things were being held back. Those included "black power empowerment" items. (ECF No. 1 at 12-13.)

In December 2023, plaintiff wrote a letter to Angela Davis about the confiscation of his songs. The following day, two officers searched him and his cell, tearing it up "from top to bottom," and took a book authored by Angela Davis and some "black consciousness" literature. Defendant Russell told plaintiff he did it in retaliation, apparently for the letter plaintiff wrote to Professor Davis. (ECF No. 1 at 14, 16.) Plaintiff appears to contend defendants Russell and Harris were responsible for this search. (Id. at 16.)

Plaintiff identifies his claims as deprivation of property, violation of his rights under the Equal Protection Clause, and retaliation. Plaintiff seeks compensatory and punitive damages.

**B. Does Plaintiff State Claims Cognizable under §1983?**

    **1. Equal Protection Claims**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008). An Equal Protection claim may also exist where a policy that is neutral on its face has a disproportionate, or "disparate," impact on an identifiable group. Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-66 (1977).

Plaintiff alleges defendants Russell and Welcher searched his cell when it flooded and took 300 of his songs for no legitimate penological reasons. He further alleges those officers

made a point of pulling out a picture and books, at least some of which were authored by black rights activists.  This court finds plaintiff has alleged a minimally sufficient claim that Russell and Welcher took the songs because of plaintiff's race.  Plaintiff will be permitted to proceed on his equal protection claims against Russell and Welcher.

Plaintiff also appears to allege defendant Pagan acted in a racially discriminatory manner.  However, besides plaintiff's statement that Pagan took a photo of Angela Davis's book, plaintiff's only other allegation appears to be that Pagan pointed plaintiff out to defendant Russell "like I'm some kind of secret child of Angela Y. Davis."  (ECF No. 1 at 12.)  The fact that Pagan may have taken some actions that plaintiff finds offensive is insufficient, standing alone, to state a claim under section 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (verbal harassment directed at a prisoner's religious and ethnic background does not, without more, violate the Equal Protection Clause), overruled on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir.2008).  See also Somers v. Thurman, 109 F.3d 614, 624 (9th Cir.1997) (gawking, pointing, and joking do not violate the prohibition against cruel and unusual punishment); Hubbs v. Cnty. of San Bernardino, 538 F. Supp. 2d 1254, 1267 (C.D. Cal. 2008) ("verbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983" (internal citations and quotation marks omitted)).

### 2.  Retaliation

To state a claim for retaliation under the First Amendment, a prisoner must state facts showing the following five basic elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff alleges that Russell searched his cell in retaliation for plaintiff's complaints about the seizure of his songs in his letter to Angela Davis, sent the day before.  Writing a letter to complain about official misconduct in prison would rightly be considered protected speech.  See Swanigan v. Bailey, No. CV-11-5073-EFS, 2012 WL 5449615, at *4 (E.D. Wash. Nov. 7, 2012)

1  (finding that plaintiff's informal complaint in the form of a letter is protected conduct); see also
2  Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) ("The dichotomy that the district court
3  drew between formal and informal grievances has no constitutional underpinning; nor does the
4  distinction between a threat to initiate litigation and the litigation."). However, Plaintiff does not
5  explain in detail what he wrote; nor does he contend Russell knew the substance of the letter.
6  Without detail about what Plaintiff wrote, it is difficult to conclude that the particular letter in
7  question amounted to the kind of expression of grievance that is protected in a carceral setting.
8  And If Russell did not know what Plaintiff wrote in the letter, Plaintiff's protected expression
9  would not have motivated the retaliation. Plaintiff thus fails to fully state a claim for retaliation
10 against Russell. To the extent plaintiff is attempting to allege a retaliation claim against
11 defendant Harris, he fails to provide any facts to support that claim.

### 3. Deprivation of Property

13  The complaint does not state a claim for deprivation of plaintiff's property. See Barnett v.
14 Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (deprivation of a prisoner's property
15 fails to state a claim under 42 U.S.C. § 1983 because California state law provides an adequate
16 post-deprivation remedy). An exception to this general rule exists when the official acted
17 pursuant to an established procedure. See Zimmerman v. City of Oakland, 255 F.3d 734, 738
18 (9th Cir. 2001). Plaintiff's allegations do not invoke the exception. Under the circumstances,
19 plaintiff does not state a due process claim based on deprivation of property.

### III. Conclusion

21  The court finds above that plaintiff states a potentially cognizable equal protection claim
22 against defendants Russell and Welcher but states no other claims. Plaintiff will be given a
23 choice. He may choose to proceed immediately on his equal protection claim against Russell and
24 Welcher or he may file an amended complaint. If plaintiff chooses to proceed immediately on his
25 equal protection claim, he will dismiss all other claims and defendants.

26  If plaintiff chooses to file an amended complaint, plaintiff must address the problems with
27 his complaint that are explained above. Plaintiff is advised that in an amended complaint he must
28 clearly identify each defendant and the action that defendant took that violated his constitutional

rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a person deprives another of a constitutional right if that person was personally involved in the deprivation, set in motion acts by others that resulted in the deprivation, or refused to terminate acts by others that resulted in the deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The Federal Rules of Civil Procedure contemplate brevity. Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. However, "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 570). A claim is plausible when the plaintiff includes facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

An amended complaint must be complete in itself without reference to any prior pleading.

E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff has stated a potentially cognizable claim that defendants Russell and Welcher violated his rights under the Equal Protection Clause.
4. Plaintiff's other claims are dismissed with leave to amend.
5. Plaintiff may choose to proceed on his cognizable claim set out above or he may choose to amend his complaint.  If plaintiff chooses to proceed on his cognizable claim in the complaint, he shall voluntarily dismiss his other claims and defendants.
6. Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.
7. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: December 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ANGELO DAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCOTT RUSSELL, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-1291 SCR P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

_____   Plaintiff wants to proceed immediately on his equal protection claim against defendants Russell and Welcher.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

_____   Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Don Angelo Davis, Plaintiff

1